UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 24-cv-22046-JB

INTERNATIONAL WATCHMAN,
INC.,

        Plaintiff,
v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"

        Defendants.
_____/

**ORDER ON PLAINTIFF'S
*EX PARTE* MOTION FOR ORDER AUTHORIZING
ALTERNATE SERVICE OF PROCESS ON DEFENDANTS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)**

**THIS CAUSE** is before the Court on Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) (the "Motion"), ECF No. [16].

This is a federal trademark counterfeiting and infringement case in which Plaintiff alleges that Defendants, through e-commerce stores, are advertising, promoting, offering for sale, or selling goods bearing or using what Plaintiff has claimed are counterfeits and infringements of Plaintiff's registered trademark.

In the Motion, Plaintiff requests an order authorizing service of process on Defendants, the individuals, partnerships, and unincorporated associations identified on Schedule "A" to the Complaint, "via electronic mail . . . and via website posting." ECF No. [16] at 2. Plaintiff contends that electronic service by these means

is sufficient to provide notice to Defendants, who reside in or operate from the People's Republic of China ("China") or other foreign countries and have established Internet-based businesses and utilize electronic means as reliable forms of contact. *Id.* at 8; ECF No. [16-1] at ¶ 9.

## I.   LEGAL STANDARD

Federal Rule of Civil Procedure Rule 4(h) outlines the proper means of service upon foreign corporations, including, "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)". Fed. R. Civ. P. 4(h)(2). An alternative method of service under Rule 4(f)(3) is available without first attempting service by other means. *See, e.g., Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

## II.   DISCUSSION

The Court finds that alternative service of process under Rule 4(f)(3) is warranted, and the means of service proposed by Plaintiff are acceptable. First, the Hague Convention does not specifically preclude service by e-mail and website posting. Where a signatory nation to the Hague Convention has objected to an

2

alternative means of service, that objection is limited to those specific means and does not represent an objection to other forms of service, such e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-cv-20590, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to one means of service under the Hague Convention "does not equate to an express objection" to other means of service). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service if the signatory nation at issue has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011).

Here, Plaintiff has "good cause to believe that Defendants are residing and/or operating from [China] . . . or other foreign countries and/or redistribute products from sources in those locations." ECF No. [16-1] at ¶ 9. The United States and China are signatories to the Hague Convention, which does not specifically preclude service by e-mail and Internet publication. Moreover, China has not objected to service by e-mail or Internet publication. While China has declared that it opposes the service of documents in its territory by the alternative means of service outlined in Article 10 of the Hague Convention, including the service of process by postal channels, it has not expressly objected to service via e-mail or publication. Accordingly, service by these means do not violate an international agreement.

Additionally, due process is not offended by the proposed methods of service. Defendants have at least one known and valid form of electronic contact, and Plaintiff has created a website for the sole purpose of providing notice of this action to Defendants. The address to this website will be provided to Defendants through their

3

known e-mail accounts and onsite contact forms embedded in Defendants' respective e-commerce stores or websites.

Service by e-mail and website posting is therefore reasonably calculated, under all circumstances, to apprise Defendants of the pendency of the action and afford them an opportunity to present their objections. Moreover, these are the most likely means of communication to reach Defendants, who operate via the Internet and rely on electronic communications for the operation of their businesses. *See Tiffany (NJ) LLC v. DORAPANG Franchise Store,* No. 18-cv-61590-UU, 2018 WL 4828430, at *3 (S.D. Fla. July 17, 2018).

Thus, the Court will exercise its discretion to allow service on Defendants through e-mail and website posting. Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion is **GRANTED**. Plaintiff shall serve the Complaint, Summons, and all other filings and discovery in this matter upon each Defendant:

a) via email by notifying Defendants of the address to Plaintiff's designated website at the e-mail accounts provided by each Defendant as part of the data related to its e-commerce store, including customer service e-mail addresses and onsite contact forms, or by the e-commerce platform e-mail for each of the e-commerce stores; and/or

b) by sending a message to each Defendant through the messaging service that the marketplace uses to communicate with its sellers containing a link to a drive where the Complaint, Summons, and other filings in this action can be accessed and downloaded; and/or

c) via website by publicly posting a copy of the Complaint, Summons, and all filings in this matter on Plaintiff's designated website appearing at the URL www.sriplaw.com/notice.

**DONE AND ORDERED** in Miami, Florida, this 17th day of June, 2024.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**