UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-cv-22046-JB

TM CO.,

          Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A",

          Defendants.

## MOTION TO COMPEL ALIBABA'S COMPLIANCE WITH THIS COURT'S TEMPORARY RESTRAINING ORDER (ECF 22)

Plaintiff TM CO. ("TM" or "Plaintiff"), by and through its undersigned counsel, hereby moves this Honorable Court to compel compliance by third-party marketplace Alibaba.com ("Alibaba") with the Court's TRO entered June 28, 2024 (ECF No. 22). Alibaba has failed to respond to the TRO and produce the required data by the due date, and refuses to provide a date certain by when Plaintiff can expect to receive the data it needs to be able to serve the 90 defendants who are on the Alibaba platform. Plaintiff seeks a Court order requiring Alibaba to comply with the TRO by a date certain or otherwise show cause as to why Alibaba should not be held in contempt of this Court's order.

### I.    FACTUAL BACKGROUND

On June 28, 2024, this Court entered its Sealed Order granting TM Co.'s motion for entry of temporary restraining order and setting a hearing on Plaintiff's motion for preliminary injunction (the "TRO"). The TRO provided:

(6)     Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform ("AliExpress"), Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. ("Ant Financial Services"), AliPay (China) Internet Technology Co. Ltd., Alipay.com Co., Ltd., and Alipay Singapore E-Commerce Private Limited (collectively, "Alipay"), Amazon Payments, Inc. ("Amazon"), Dunhuang Group which operates the DHgate.com and DHPay.com platforms, Camel FinTech Inc, ContextLogic, Inc., which operates the Wish.com website ("ContextLogic"), PayPal, Inc. ("PayPal"), eBay, Inc. ("eBay"), Payoneer, Inc. ("Payoneer"), NewEgg Commerce, Inc. ("NewEgg"), WorldFirst UK Limited ("WorldFirst"), or PingPong Global Solutions Inc. ("PingPong"), Joom, SIA (Latvia) ("Joom"), Stripe, Inc. and/or Stripe Payments Company ("Stripe") and their related companies and affiliates (each, a "Third Party," and collectively, the "Third Parties") shall, to the extent not already done, (i) immediately identify all financial accounts and/or sub-accounts, associated with the Internet based e-commerce stores operating under the Seller IDs, store numbers, infringing product numbers, and/or the e-mail addresses identified on Schedule "A" to the Complaint, as well as any other accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court. **By no later than five days prior to the preliminary injunction hearing set herein, Plaintiff shall file a notice (which may be submitted under seal) advising the Court of the total amount of funds so restrained from each of the Defendants.**

(7)     Upon receipt of notice of this Order, Defendants and all Third Parties receiving notice of this Order, including but not limited to, AliExpress, Ant Financial Services, Alipay, Amazon, Dunhuang Group which operates the DHgate.com and DHpay.com platforms, Camel FinTech Inc, ContextLogic, PayPal, eBay, Payoneer, NewEgg WorldFirst, PingPong, Joom, Stripe, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiff's counsel with all data that details: (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to; (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained; (iii) the historical sales for the Defendants' listings that are alleged to infringe Plaintiff's trademarks, copyrights and patent; and (iv) the true identities along with complete contact information including email addresses of all Defendants. **By no later than five days prior to the preliminary injunction hearing set herein, Plaintiff shall file a notice (which may be submitted under**

**seal) attaching a copy of all data received pursuant to this paragraph.**
(ECF No. 22 pp. 9-11).

Paragraph 19 of the TRO additionally requires that "Defendants shall have five business days to comply with this Temporary Restraining Order following notice."

Plaintiff served the TRO on Alibaba on July 2, 2024, setting the response deadline for July 9, 2024. (Declaration of Angela Nieves ¶ 3). Plaintiff paid to Alibaba a TRO processing fee of $40 per defendant, totaling **$3,600** in costs, and submitted all of Alibaba 's required information which included court filings and infringement evidence. (Nieves Decl. ¶ 4).

Because there was no response from Alibaba nor confirmation that it was processing the TRO, Plaintiff sent two followup emails on July 10, 2024. No response was ever received for Plaintiff's emails dated July 2 and July 10, 2024. (Nieves Decl. ¶ 5, Ex. 1 at 1-3).

On July 10, 2024, Plaintiff sent Alibaba a third followup email advising that due to their lack of any response, Plaintiff was going to file a motion to compel their compliance with the TRO unless their production was received by July 11, 2024 at 4pm ET. (Nieves Decl. ¶ 6, Ex. 1 at 1). Alibaba responded that same evening saying they would "revert the data per usual once [their] process is completed." (Nieves Decl. ¶ 7, Ex. 2. Alibaba stated that "a motion to compel will not expedite this process." Id.  No date of delivery was provided. Id.

Alibaba's refusal to comply with the Court's Order or even provide Plaintiff with a date by when production of data will be made has hindered Plaintiff's ability to serve the Alibaba defendants and provide them with adequate notice and an opportunity to be heard on Plaintiff's Motion for Preliminary Injunction. This Court should require Alibaba's timely compliance.

WHEREFORE, an order should issue as to Alibaba compelling them to comply with all provisions of the TRO or show cause why they should not be sanctioned for violating this Court's TRO. This Court should order Alibaba respond on an expedited basis in order to provide the plaintiff and the Court with the necessary information serve the Alibaba Defendants and to determine whether and to what extent Alibaba has violated this Court's TRO, so that further orders and appropriate sanctions may issue.

DATED: July 12, 2024                                Respectfully submitted,

/s/  Angela M. Nieves
ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com
JOEL B. ROTHMAN
Florida Bar Number:  98220
joel.rothman@sriplaw.com
**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff TM Co.*